UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVELINE MILLER,

                Plaintiff,           No. 12-cv-11741
                                     Hon. Gerald E. Rosen

v.

ZWICKER & ASSOCS, PC and CHASE
BANK USA, NA,

                Defendants.
_____/

## ORDER GRANTING CHASE BANK'S MOTION FOR AN EXTENSION

      Plaintiff initially filed suit on April 19, 2012. Summonses for both Defendants were issued that same day. In May, Plaintiff attempted to serve Defendant Chase Bank USA, NA ("Chase") by sending, via certified mail, a copy of the complaint and summons to Chase's Delaware address. Having received the complaint and summons, Chase contacted Plaintiff's counsel requesting an extension of time to respond, based partially on Chase's contention that service as described did not comply with the applicable rule. Counsel denied Chase's request, leaving Chase to file this motion, which requests that the Court extend the deadline for answering the complaint until July 6, 2012.

      Since Chase has not formally moved to quash service, the Court will withhold a formal determination regarding the propriety of Plaintiff's method of service. Nevertheless, it appears that service likely did not comply with Rule 4 such that the Court will grant Chase's motion for an extension of time.

Service on corporations is governed by Rule 4(h) of the Federal Rules of Civil Procedure. Rule 4(h) lists two means for serving a corporation, partnership, or association within the United States: either serve in the manner prescribed for individuals in Rule 4(e)(1)[1] or deliver "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law . . . ." Fed. R. Civ. P. 4(h)(1). Merely mailing a copy of the summons and complaint to a corporation's mailing address, without proof of receipt, does not suffice. MCR 2.105(A)(2).

Prejudice to the parties appears minimal, as Chase nevertheless received the documents and thereby became aware of this proceeding. The Court cannot envision how an extension of time would prejudice Plaintiff. In truth, granting an extension now will simplify proceedings by precluding a subsequent challenge to process at a later time. An extension will also streamline motions practice, as it will allow Chase an adequate opportunity to explore the charges leveled by Plaintiff. Chase has requested a reasonable extension under circumstances that warrant it.

NOW, THEREFORE,

---

[1] Rule 4(e)(1) permits service by those means authorized under state law. Fed. R. Civ. P. 4(e)(1). In Michigan, an individual may be served either personally, or by "sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." MCR 2.105(A). However, utilizing the latter method requires that "[a] copy of the return receipt signed by the defendant must be attached to proof showing service", which Plaintiff has failed to do here. MCR 2.105(A)(2).

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Chase's request for an extension of time to answer the complaint is GRANTED. Chase will answer Plaintiff's complaint by **July 6, 2012**.

                                              s/Gerald E. Rosen
                                              Chief Judge, United States District Court

Dated: June 8, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 8, 2012, by electronic and/or ordinary mail.

                s/Ruth A.Gunther
                Case Manager
                (313) 234-5137